# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

HOWARD JORDAN, JR., )
 )
    Plaintiff, )
 )
v. ) CV418-171
 )
PENNY HAAS FREESEMANN, )
 *et al.*, )
 )
    Defendants. )

## **ORDER AND REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis*, Howard Jordan, Jr., brings this 42 U.S.C. § 1983 action against various state agencies and officials involved in his arrest and prosecution.[1] Doc. 1. The Court granted his request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms. Docs. 5 & 6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim.[2]

---

[1] In his Complaint, Jordan names Judge Penny Haas Freesemann and Sheriff John Wilcher. Doc. 1 at 4. In his Amended Complaint, Jordan adds the Georgia State Patrol, the State of Georgia, the Superior Court, and state trooper Zach Montano. Doc. 4 at 1.

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001),

Jordan was arrested on October 6, 2017, after Officer Montano "said" he failed to pull over for speeding. Doc. 1 at 5. He's been in Chatham County Jail since his arrest, and complains that in two separate hearings Defendant Judge Freesemann has "refused to correct this wrong." *Id*. Sheriff Wilcher, too, holds him against his will in collusion with the Judge. *Id*. He seeks immediate release and damages for his "mental anguish," and suggests a lien be placed on defendants' assets until he has "been compensated and vindicated." *Id*. at 6.

Liberally construed, plaintiff's Complaint implicates false arrest or false imprisonment, constitutional torts which afford a remedy for detention without legal process. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) (a false arrest claim based on a warrantless arrest is "a species" of a false imprisonment claim). "A warrantless arrest without probable cause violates the Fourth Amendment and forms the basis for a section 1983 claim." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (cite omitted). Further, "[a] detention on the basis of a false arrest presents a

---

allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

viable section 1983 action" for false imprisonment. *Id.* at 1526. The elements of such a claim combine "the elements of common law false imprisonment," which include "(1) an intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm," and an allegation that the imprisonment resulted in a violation of the plaintiff's due process rights under the Fourteenth Amendment. *Id.* at 1526, 1526 n. 2.

The Court has an obligation to liberally construe *pro se* pleadings. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). It also has an obligation to take a Complaint's allegations as true, at the screening stage. *See supra* n. 2. Abiding by those obligation, if not stretching them to their breaking point, the Court will construe Jordan's allegation that "Montano *said* that[ ] the reason I was being detained was because I didn't pull over[ ] when he tried to stop me from speeding," doc. 1 at 5 (emphasis added), to allege that the asserted reasons for his arrest were false. Further, the Court will construe his allegation that he was arrested after a traffic stop to imply that he was not

arrested pursuant to a warrant. *Id.* Given that (very) liberal construction, the Court concludes that Jordan has adequately alleged a false arrest claim against Officer Montano.

The false imprisonment claim against Sheriff Wilcher, however, fails no matter how liberally the Court construes Jordan's allegations. In addition to the substantive elements, § 1983 claims require an allegation of a causal connection between a defendant's acts or omissions and the alleged constitutional deprivation. *See Zalter v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such claims cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Jordan's Complaint does not include *any* allegation connecting Sheriff Wilcher to his allegedly tortious arrest and confinement. The closest he comes is his completely conclusory allegation that Wilcher, "in collusion with Judge . . . Freesemann[, and] for their own personal interests" detained him. Doc. 1 at 5. That's not enough to state a claim. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice" to state a claim upon which relief can be granted). The false imprisonment claim against Sheriff Wilcher should therefore be **DISMISSED**.

In a case of continuing detention (as here), "false imprisonment ends once the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389-90; *see State v. Jordan, Jr.*, CR17-7260 (felony arraignment held October 9, 2017, and bound to superior court on December 27, 2017). Once an arrestee's unlawful detention becomes a product of legal process, his continued custody may still be unlawful, but any damages suffered after that point must be recovered under the "entirely distinct" tort of malicious prosecution, "which remedies detention accompanied not by the absence of legal process, but by *wrongful institution* of legal process." *Id.* at 390. In other words, the torts of malicious prosecution and false imprisonment are distinct, and the former supplants the latter after legal process is initiated.

The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir.

2003). But an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. And there is no allegation that the Chatham County criminal case has been resolved in Jordan's favor. *See* doc. 1; *see State v. Jordan, Jr.*, CR18-0035 (Chatham Super. Ct.) (felony evading arrest case "open" as of January 14, 2019, with plea hearing set for March 25, 2019). Accordingly, he does not state a claim for malicious prosecution and any such claim against any of the named defendants should be **DISMISSED**.[3]

Moreover, Jordan has sued a panoply of individuals and entities not subject to § 1983 liability under any theory. Judges, like Judge Freeseman, are absolutely immune from civil liability for acts taken pursuant to their judicial authority, *see, e.g., Forrester v. White*, 484 U.S.

---

[3] Indeed, to the extent that his allegations implicate the validity of his continued detention and he seeks immediate or speedier release, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

219, 227-29 (1988), even when the judicial acts are done maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). The State of Georgia and its agencies, including the Superior Court and Highway Patrol, are indisputably immune from suit as well. *Polite v. Dougherty County School Sys.*, 314 F. App'x 180, 184 (11th Cir. 2008) ("Sovereign immunity extends to the state and all of its departments and agencies and can be waived only by a legislative act specifically delineating the waiver." (citing Ga. Const. Art. I, § 2, ¶ IX(e))."); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); *Bennett v. Georgia Dept. of Public Safety*, 2010 WL 11595156 at * 2 (N.D. Ga. Feb. 16, 2010) ("Eleventh Amendment immunity clearly applies to plaintiff's . . . § 1983 claims against the Georgia State Patrol"). Accordingly, all claims against Judge Freeseman, the Georgia State Patrol, the State of Georgia Superior Court, and the State of Georgia should be **DISMISSED**.

Having disposed of the defective claims, only the false arrest claim against Officer Montano remains. Jordan states that Montano is sued in his "private and official capacity." Doc. 4 at 2. An official capacity claim

7

is barred, however, because such suits are "not a suit against the official but rather . . . against the official's office" and the "offices" are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the false arrest claim against Officer Montano, in his official capacity, should be **DISMISSED**.

That leaves the false arrest claim against Officer Montano in his "private," or individual, capacity. However, that claim too must be reined in. Jordan's Complaint states that he seeks "the maximum monetary compensation for false imprisonment, and mental anguish that these parties have injected upon my livelihood." Doc. 1 at 6. The Prison Litigation Reform Act (PLRA), however, provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Eleventh Circuit has construed that provision to include "lawsuits that claim injuries suffered during custodial episodes," as defined in the *Miranda* context. *See Napier v. Preslicka*, 314 F.3d 528, 532-33 (11th Cir. 2002); *see also Napier v. Preslicka*, 331 F.3d 1189, 1195-96 (11th Cir. 2003) (Barkett, J. dissenting from denial of rehearing *en banc*) (noting that panel's

interpretation of the statute would preclude prisoners "from seeking recovery for mental injury stemming from humiliating, torturous, or otherwise illegal pre-detention searches and interrogations, as well as from, *inter alia*, false imprisonment, . . ., malicious prosecution, . . ., and many similar claims."). Since Jordan alleges no physical injury from his false arrest, and he is precluded from seeking damages for "mental anguish" while incarcerated, he has a viable claim for nominal damages only.[4] *See, e.g. Jackson v. Hill*, 569 F. App'x 697, 699 (11th Cir. 2014) (concluding that district court erred in failing to consider whether prisoner, subject to PLRA, was entitled to nominal damages for constitutional violation unaccompanied by allegation of physical injury).

In summary, Jordan's claims against defendants Penny Haass Freeseman, John Wilcher, the Georgia State Patrol, the State of Georgia Superior Court, and the State of Georgia should be **DISMISSED**. His claims against Officer Zach Montano should be **DISMISSED** in part.

To the extent that his Complaint alleges that Montano arrested him without probable cause, and implicitly seeks nominal damages, it requires

---

[4] There is no absolute standard for the amount of a nominal damages award, but "$1 is the norm." *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999).

a response from Montano. Since the Court has authorized Jordan to pursue this case IFP, he is entitled to have the United States Marshal serve his Complaint upon Defendant Montano. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process" in cases proceeding IFP); Fed. R. Civ. P. 4(c)(3) (stating that "[t]he court must . . . order" that "service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis"). Accordingly, the Clerk is **DIRECTED** to forward a copy of this Order and Report and Recommendation, along with plaintiff's Complaint and Amended Complaint, to the Marshal for service upon Officer "Zach Montano." Jordan's Amended Complaint alleges that Officer Montano is stationed at "Post 42."[5] Doc. 4 at 1.

Although the Court sees no apparent basis upon which the deficient claims could be amended, Jordan's opportunity to object to this Report and Recommendation within 14 days affords him an opportunity to resuscitate them. He may submit a Second Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v.*

---

[5] Publicly available information indicates that Georgia State Patrol Post 42 is located at 2792 Highway 21 South, Rincon, Georgia 31326. *See* Georgia Department of Public Safety, https://dps.georgia.gov/post-42-rincon (last visited Jan. 14, 2019).

*Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, plaintiff must be able to both plead the requisite elements of a § 1983 claim *and* identify a defendant who is not immune from suit.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $30.52 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 6. He therefore owes an initial partial filing fee of $6.10. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $6.10 to the Clerk of Court and set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[6]

---

[6] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this

<u>18th</u> day of January, 2019.

_____
C<small>HRISTOPHER</small> L. R<small>AY</small>
U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
S<small>OUTHERN</small> D<small>ISTRICT OF</small> G<small>EORGIA</small>