# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

HOWARD JORDAN, JR.,           )
                              )
    Plaintiff,             )
                              )
v.                            )
                              )   CV418-171
ZACHARY MONTANO,              )
                              )
    Defendant.             )

## ORDER

Defendant's unopposed motion to stay the case, pending disposition of his motions to dismiss the Complaint (doc. 11), is **GRANTED**. *See* S.D. Ga. L. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). In lieu of opposing the pending motion to dismiss, plaintiff Howard Jordan cited *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) and "objected" that he requires the appointment of counsel at public expense to meaningfully answer. Doc. 13; *see also* doc. 14 (requesting appointment of counsel).

In this civil case, however, plaintiff has no constitutional right to the appointment of counsel. *Wright v. Langford*, 562 F. App'x 769, 777 (11th

Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Wright*, 562 F. App'x at 777 (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel.

Though plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." *See, e.g.*, *Hampton v. Peeples*, 2015 WL 4112435 at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." *Id.* (citing *Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 702 (11th Cir. 2013); *McDaniels,* 405 F. App'x at 457; *Sims v. Nguyen*, 403 F. App'x 410, 414 (11th Cir. 2010); *Fowler*, 899 F.2d at 1091, 1096; *Wahl*, 773 F.2d at 1174). This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. His request for appointment of counsel (doc. 14) is **DENIED**.

Plaintiff also asks for an Order "to give [him] access to the law library." Docs. 13 at 1 & 14 at 1. It is unclear what he seeks or whether he is being deprived of any access, or merely unfettered access, to the Chatham County Detention Center (CCDC) law library tablets. Jordan is proceeding *pro se* in this case, and is thus unrepresented by counsel. He

therefore has a right to meaningful access to the courts, including some right to legal research material. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Bowens v. Sikes*, 2017 WL 486266 at *4 (S.D. Ga. Jan. 4, 2017); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which allegedly infringed on an inmate's right of access to the courts [ ] frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim.").

Nevertheless, the Court cannot provide Jordan with an Order to increase his law library privileges beyond what the CCDC deems adequate, as that type of relief is outside the scope of his current lawsuit. *See* doc. 1. His motion is therefore **DENIED**. The Court hopes, however, that by clarifying that service has been authorized on defendant in this case (*see* docs. 7 & 8), further clarification regarding Jordan's *pro se* status (*i.e.*, self-representation in this Court and need for law library services and legal research materials) will be unnecessary.

**SO ORDERED**, this ___18th___ day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4