UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HOWARD JORDAN "BEY", JR., )
)
    Plaintiff, )
)
v. ) CV418-171
)
ZACHARY MONTANO, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Defendant Zachary Montano seeks to dismiss Howard Jordan, Jr.'s 42 U.S.C. § 1983 action for false arrest. Doc. 11. He contends that plaintiff falsely answered the Court's form § 1983 Complaint by intentionally omitting, under penalty of perjury, any reference to his prior litigation history. *See* doc. 1 at 1 (marking "no" to the question "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?"), *id.* at 1-2 (listing no information in the form area dedicated to prior litigation and cases). Indeed, plaintiff brought this exact action under a pseudonym. *Bey v. Odell, Jr. et al.*, CV418-092 (S.D. Ga. June 26, 2018) (dismissed without prejudice for failure to comply with a court order). A comparison of the two complaints reveals that, aside

from scratching out his additional last name "Bey" at multiple points (*see* doc. 1 at 1, 4, 6), the two actions are identical. *Compare* doc. 1 at 5 ("On or about 10-6-2017 I was kidnapped, and unlawfully arrested by state tropper Zach Montano while traveling on a public highway. Zach Montano said that, the reason I was being detained was because I didn't pull over, when he tried to stop me for speeding."), *with* CV418-092, doc. 1 at 5 ("On 10-6-2017 I was kidnapped, and unlawfully arrested by state tropper Zach Montano while traveling on a public highway. Georgia state patrol Zach Montano stated to me, the reason I was being detained was because I didn't stop when he tried to pull me over for breaking the speed limit law."). That prior case, of course, was dismissed a month *before* plaintiff filed this case, and a notice of dismissal and judgment entered against him was sent to Chatham County Detention Center, where he still resides. *See* CV418-092. In short, plaintiff lied on his form Complaint when he represented he had never before brought an identical action.

Although plaintiff is held to a lower standard than that of an attorney because of his *pro se* status, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), that status cannot excuse the provision of false information to this Court. Fed. R. Civ. P. 11(c); *McNeil*

*v. United States*, 508 U.S. 106, 113 (1993) (it should not be "suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Such abuse of the judicial process warrants a dismissal without prejudice *and* a "strike" under the Prisoner Litigation Reform Act. *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint upon discovery prisoner plaintiff failed to disclose one prior federal lawsuit); *Young v. Sec'y Fla. Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); *Alexander v. Salvador*, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint). In lieu of opposing or offering any semblance of a contradiction to defendant's

3

motion, plaintiff merely "objects" that a warrantless arrest without probable cause violates the Fourth Amendment. Doc. 13 at 1. That may well be, but it does not unwind plaintiff's lies.

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well-established in the Southern District of Georgia. *See, nonexhaustively, Williamson v. Cty. of Johnson*, 2019 WL 1140191 (S.D. Ga. Mar. 12, 2019); *Brown v. Wright*, CV 111-044 (S.D. Ga. June 17, 2011); *Hood v. Tompkins*, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd,* 197 F. App'x 818 (11th Cir. 2006). Plaintiff's disclosures concerning his prior federal lawsuit were blatantly dishonest, and this case should be **DISMISSED** without prejudice as a sanction for the dishonesty. This case shall serve as a strike for PLRA purposes. The Clerk is further **DIRECTED** to update the case caption to reflect plaintiff's pseudonyms, "Howard Jordan Bey, Jr." and "Howard Jordan Jr. Bey" to deter future misrepresentations.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should

be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA